**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM ORTIZ,<br><br>                 Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>                 Respondent. | Case No.:  18cv1058 LAB (MDD)<br><br>**REPORT AND RECOMMENDATION RE: (1) DENIAL OF HABEAS CORPUS PETITION; and (2) DENIAL OF EVIDENTIARY HEARING** |

## I.    <u>INTRODUCTION</u>

Petitioner Adam Ortiz, a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), challenges the loss of custody credits resulting from a prison disciplinary hearing.[1]  Ortiz also asks for an evidentiary hearing. (Traverse, ECF No. 18 at 4.)  The Court has read and considered the Petition, [ECF No. 1], the Answer and Memorandum of Points and Authorities in Support

---

[1] Because Ortiz is serving a determinate sentence, (*see* Pet., ECF No. 1), the reinstatement of his forfeited custody credits would necessarily shorten the length of his confinement, and this Court has habeas jurisdiction over his claims. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (holding that a state prisoner's federal claims relating to imprisonment lie at "the core of habeas corpus" and are subject to the provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") if they would "necessarily lead to immediate or speedier release," or else they challenge "any other aspect of prison life" and are subject to the provisions of the Prison Litigation Reform Act and "must be brought, if at all, under [42 U.S.C.] § 1983.")

of the Answer [ECF No. 15], the Traverse [ECF No. 18], the lodgments and other documents filed in this case, and the legal arguments presented by both parties.[2]  For the reasons discussed below, the Court recommends the petition be **DENIED.**

**II.    FACTUAL BACKGROUND**

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1) (West 2006); *see also Parle v. Fraley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness).  The state appellate recounted the facts as follows:

While Adam Ortiz was incarcerated at a prison in Imperial County, a correctional officer searched the cell Ortiz shared with another inmate and found among Ortiz's belongings a clear plastic container that contained what the officer believed were two inmate-manufactured weapons, each of which consisted of a narrow metal cylinder that was sharpened at one end and attached to a plastic handle at the other.  The correctional officer took four photographs of the weapons.  Ortiz was issued a rules violation report for possession of a deadly weapon.  (See Cal. Code Regs., tit, 15, § 3006, subd. (a).)

Before the disciplinary hearing, an investigative employee relayed written questions from Ortiz to the correctional officer about whether he found the inmate-manufactured weapons in a plastic container, whether he confiscated the container as evidence, whether he photographed the other items in the container, and whether the weapons were assembled in the container.  The correctional officer responded he did not state the weapons were found in a clear plastic container, he did not recall whether he confiscated the container as evidence, he did not photograph the other items in the container, and the components of the weapons were inside the container ready for assembly.

At the disciplinary hearing, Ortiz pled not guilty.  He admitted the items were his, but denied they were weapons, and claimed he used them to

---

[2] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the court's electronic case filing system

remove screws from wall sockets and a television and "to get into the wall" where he had hidden a cell phone. Based on the rules violation report, the photographs of the weapons, the correctional officers' answers to Ortiz's written questions, and Ortiz's statements at the hearing, the disciplinary hearing officer found Ortiz guilty and assessed a forfeiture of 360 days of conduct credits.

(Lodgment No. 5, ECF No. 17-5 at 1-2.)

## III. PROCEDURAL BACKGROUND

After being found guilty of a rules violation, Ortiz administratively appealed his conviction through the California Department of Corrections and was denied relief. (Pet., ECF No. 1 at 33-72.) Ortiz filed a petition for writ of habeas corpus challenging the results of his disciplinary hearing in the Imperial County Superior Court. (Lodgment Nos. 3, ECF Nos. 17-3.) The superior court denied the petition in a written, unpublished opinion. (Lodgment No. 4, ECF No. 17-4.) Ortiz then filed a petition for writ of habeas corpus in the California Court of Appeal, which denied the petition in a written, unpublished opinion. (Lodgment No. 2, 5, ECF No. 17-2, 17-5.) Ortiz thereafter filed a petition in the California Supreme Court, which denied the petition without citation of authority. (Lodgment Nos. 6-7, ECF Nos. 17-6–17-7.)

Ortiz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California on May 14, 2018. (ECF No. 1.) On May 25, 2018, the case was transferred to this Court. (ECF No. 4.) Respondent filed an Answer on October 10, 2018. (ECF No. 15.) Ortiz filed a Traverse on November 5, 2018. (ECF No. 18.)

## IV. DISCUSSION

Ortiz contends his prison disciplinary decision violated his due process rights because there were conflicts between what the corrections officer who searched his cell wrote in his report and the officer's responses to Ortiz's written questions. In addition, Ortiz claims the hearing officer did not consider his explanation that the alleged weapon

/ / /

found in his cell was actually used to access a cell phone Ortiz had hidden in his cell. (Pet., ECF No. 1 at 17-19.)

A.  *Standard of Review*

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *See Bell v. Cone*, 535 U.S. 685, 694 (2002).  The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case.  *Id*.  Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable."  *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

B. *Analysis*

Ortiz contends his federal due process rights to a fair hearing were violated when the hearing officer found him guilty despite conflicts between statements made by the correctional officer in his report and his answers to questions posed to him by Ortiz. (Pet., ECF No. 1 at 18-19.) Specifically, Ortiz claims that the hearing officer "did not consider the significant conflicts to determine if the allege[d] weapons were actually assembled when they were discovered and/or if c/o J. Ramirez assembled them himself" before taking photographs of them. (*Id.* at 19.) Ortiz also claims the hearing officer did not consider the conflict between c/o J. Ramiriez's report, in which he stated he found the weapons in a clear plastic container, and his testimony at the disciplinary hearing when he denied finding the weapons inside the plastic container. (*Id.* at 18.) Ortiz also argues that the hearing was unfair because the hearing officer "failed to consider [Ortiz's] explanation of the contraband's intended use but instead relied on [Ortiz's] past conduct to establish a guilty finding." (*Id.* at 18.) Respondent contends the state court's resolution of Ortiz's due process claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (Answer, ECF No. 15.)

///

After exhausting his administrative remedies, Ortiz raised his claims in a petition for review filed in the California Supreme Court. (Lodgment No. 6, ECF No. 17-6.) The California Supreme Court denied the petition without citation of authority, and thus this Court must "look through" to the state appellate court's opinion to determine whether the denial of Ortiz's claims were contrary to, or an unreasonable application of, clearly established Supreme Court law or was based on an unreasonable determination of the facts. *Ylst*, 501 U.S. at 805-06. The state appellate court wrote:

> Ortiz is not entitled to habeas corpus relief. "[D]ue process in this context requires only that there be *some evidence* to support the findings made in the disciplinary hearing." (*Superintendent v. Hill* (1985) 472 U.S. 445, 457, italics added; accord, *In re Zepeda* (2006) 141 Cal. App. 4th 1493, 1498.) The report of the correctional officer that he found in Ortiz's prison cell two sharpened metal cylinders and plastic handles that obviously could be assembled into stabbing devices, the photographs of those items, and Ortiz's admission the items were his, constitute "some evidence" that he violated the prison regulation forbidding inmates to "possess or have under their control or constructive possession any weapons." (Cal. Code Regs., tit. 15, § 3006, subd. (a).) Neither the discrepancy in the correctional officer's statements about whether he found the items inside a plastic container nor Ortiz's statements he used those items not as weapons but as screwdrivers "change the analysis under *Hill*. *Hill* emphasizes that the reviewing court is not to engage in an 'examination of the entire record' or 'weighing of the [conflicting] evidence.'' [Citation.] Rather the narrow role assigned to the reviewing court is solely to determine whether there is '*any evidence* in the record that *could support* the conclusion reached by the disciplinary board.' [Citation.] Here, there is such evidence, even if, as [Ortiz] contends, there is other evidence that supports his assertion of innocence." (*In re Zepeda*, *supra*, at p. 1500.) The violation of which Ortiz was found guilty subjected him to a forfeiture of up to 360 days of conduct credits. (Cal. Code Regs., tit. 15, § 3323, subd. (b)(8).) He has established no due process violation.

> The petition is denied.

(Lodgment No. 5, ECF No. 17-5 at 2.)

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the United States Supreme Court held that in the context of the revocation of good time credits, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary

18cv1058 LAB (MDD)

board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .'" *Hill*, 472 U.S. at 455, quoting *United States ex. Rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 104 (1927); *see also Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (holding that federal due process requires procedural protections before a prisoner can be deprived of a state-created liberty interest in good time custody credits). Even a single piece of evidence may be sufficient to meet the Hill standard, provided it has "sufficient indicia of reliability." *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). In Ortiz's case, there was, at a minimum, "some evidence" to support the disciplinary hearing's findings and the loss of custody credits.

The following evidence was presented at the disciplinary hearing. On December 30 2016, C/O J. Ramirez, together with C/O J. Barnett, conducted a search of Ortiz's cell. (Pet., ECF No. 1 at 49.) Ramirez wrote in his report of the search that he "discovered a clear plastic container with two (2) inmate manufactured weapons in it easily accessible to both inmates . . . ." (*Id.*) Ramirez took four photographs of the weapons. (*Id.*; *see also id.* at 31.) Ramirez reported that one weapon was "made of round metal measuring approximately 4" in length, and approximately 1/2" in width," and the other was "2 3/4" in length and 1/2" in width . . . ." (Pet., ECF No. 1 at 49.)

Ortiz offered the following statement at the hearing: "I'm not going to deny it wasn't my shit but it was not a weapon because it was not used for that. There was a cellphone in the wall and that's what I used to get into the wall." (*Id.* at 40.) When questioned by the hearing officer, Ortiz explained the items were used to "open screws on TVs and whatever," and "to open the wall socket" where a cell phone was hidden. (*Id.*) When asked, Ortiz also stated the plastic and metal pieces did not fit together "without force." (*Id.*)

Ortiz was permitted to submit written questions to Ramirez. Ortiz asked Ramirez whether he had stated in his report that the alleged weapons were found in a clear plastic container, and Ramirez responded, "No." (*Id.* at 41.) Ramirez did not recall whether he

had placed the plastic container into evidence along with the suspected weapons, and answered "no" when asked whether he had taken pictures of other items that were inside the plastic container. (*Id.*) Ramirez also confirmed that the pieces of the alleged weapons "were inside the plastic container ready to be assembled together." (*Id.*) At the conclusion of the hearing, the Senior Hearing Officer concluded that Ortiz was guilty of possession of a deadly weapon. (*Id.* at 44.)

Given the evidence presented at the hearing, the Senior Hearing Officer's finding was supported by "some evidence." *Hill*, 472 U.S. at 456. Ortiz contends the hearing violated his federal due process rights because Ramirez gave conflicting accounts of how the alleged weapons were stored when he found them and the Senior Hearing Officer did not properly credit his claim that the items found in his cell were not weapons. (Pet., ECF No. 1 at 17-19.) In its review of Ortiz's disciplinary hearing, however, this Court is not permitted to "make its own assessment of the credibility of witnesses or reweigh the evidence." *Hill*, 472 U.S. at 457; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Here, the evidence provided by C/O Ramirez was sufficient to satisfy the "some evidence" standard.

"The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456. The state court's denial of Ortiz's claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *Yarborough*, 540 U.S. at 4. Nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254. Ortiz is not entitled to relief.

/ / /

/ / /

C. *Request for an Evidentiary Hearing*

Oritz asks for an evidentiary hearing in his case. (Traverse, ECF No. 18 at 4.) Evidentiary hearings in § 2254 cases are governed by AEDPA, which "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). The provisions of 28 U.S.C. § 2254(e)(2) control this decision:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
>
> (A) the claim relies on --
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2) (West 2006).

In deciding whether to grant an evidentiary hearing, the court must first determine whether a factual basis exists in the record to decide Petitioner's claims. *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 (9th Cir. 2005) (quoting *Baja*, 187 F.3d at 1078). Where the issues raised by the Petitioner can be resolved by reference to the state court record, no evidentiary hearing is required. *Cullen v. Pinholster*, 563 U.S. 170, 183 (2011). If not, the court must "ascertain whether the petitioner has "failed to develop the factual basis of a claim in State court." *Insyxiengmay*, 403 F.3d at 670, quoting *Baja*, 187 F.3d at 1078 (internal quotation marks omitted). A failure to develop the factual basis of a claim in state court implies some "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *See Williams v. Taylor*, 529 U.S. 420, 432 (2000).

The Supreme Court has said that "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437. As discussed above, Ortiz's claims can be resolved by reference to the state court record. Moreover, Ortiz did not seek an evidentiary hearing in state court. (Lodgment Nos. 2-3, ECF Nos. 17-2, 17-3.)

Further, the Supreme Court in *Pinholster* held that where habeas claims have been decided on their merits in state court, a federal court's review must be confined to the record that was before the state court. 563 U.S. at 181-82. Ortiz can only proceed to develop additional evidence in federal court if either § 2254(d)(1) or (d)(2) are first satisfied. *See Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) (stating that "an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief[]" (citing *Pinholster*, 563 U.S. at 203 n.20)). For all the reasons discussed above, Ortiz is not entitled to federal habeas relief pursuant to § 2254(d)(1) or (d)(2). Accordingly, the Court recommends Ortiz's request for an evidentiary hearing be **DENIED**.

## V.    CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**IT IS HEREBY RECOMMENDED** that the Court issue an order: (1) approving and adopting this Report and Recommendation, (2) **DENYING** Petitioner's request for an evidentiary hearing, and (3) directing that Judgment be entered **DENYING** the Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that no later than **December 31, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 7, 2019**. The parties are advised

18cv1058 LAB (MDD)

that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

   **IT IS SO ORDERED.**

Dated:   December 17, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge