# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ORTIZ,<br><br>                Petitioner,<br>vs.<br><br>RAYMOND MADDEN, Warden,<br><br>                Respondent. | CASE NO. 18cv1058-LAB (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Dkt. 19] AND ORDER OF DISMISSAL** |

      Petitioner Adam Ortiz is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Ortiz alleges that the California Department of Corrections violated his due process rights when it stripped him of good time credits for a disciplinary violation despite what Ortiz characterizes as conflicts in the reporting officer's statements. Per Civil Local Rule HC.2, the Petition was referred to Magistrate Judge Mitchell D. Dembin for a report and recommendation ("R&R"). On December 17, 2018, Judge Dembin issued his R&R recommending that Ortiz's petition be denied and that his request for an evidentiary hearing be denied as well. Ortiz objects to Judge Dembin's recommendation. For the reasons below, the Court **OVERRULES** Ortiz's objections and **ADOPTS IN FULL** Judge Dembin's R&R.

      The Court reviews de novo those portions of a report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The statute makes clear that "the district judge must review the magistrate

- 1 -

judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Judge Dembin's R&R sets out the factual background of the case, so the Court does not repeat it here. Oritz's sole objection is that Judge Dembin's R&R "ignores that Petitioner was deprived of due process of law when the hearing officer found him guilty despite conflicts between statements made by the correctional officer in his report and his answers to questions posed to him by Ortiz." Objection, Dkt. 20, at 4. Whether Ortiz's due process rights were violated is the ultimate issue before the court, so Ortiz's objection is, in effect, an objection to the entirety of the report and recommendation. But Ortiz does not go further to explain specifically how Judge Dembin's recommendation got things wrong. He alleges that the cases cited "do not support the Magistrate's findings," but he does not explain which cases he is referring to or how Judge Dembin's recommendation misinterpreted them. He alleges that Judge Dembin did not "give full and adequate consideration of the facts that surround[] each of Petitioner's constitutional claims," but does not say which facts were given inadequate consideration. Finally, he says the recommendation "fails to give full and complete consideration of Petitioner's claims in light of the state court record," but does not explain what aspect of the state court record Judge Dembin gave short shrift. In short, Ortiz makes only conclusory objections that do not guide this Court in determining whether Judge Dembin's recommendation was erroneous. *See Ali v. Grounds,* 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017) ("Only objections that reference specific portions of the report and recommendation will trigger de novo review— general or conclusory objections do not suffice.") (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)).

To the extent Ortiz claims that Judge Dembin misapplied Supreme Court precedent in *Superintendent v. Hill*, 472 U.S. 445 (1985), and *Wolff v. Mcdonnell*, 418 U.S. 539 (1974), the Court disagrees. In *Hill*, the Supreme Court made clear that "a decision to revoke [good time] credits must be supported by *some evidence*" in order to satisfy the minimum requirements of procedural due process. *Hill*, 472 U.S. at 447

(emphasis added). That standard was the same one applied by the California Court of Appeal when it determined that "[t]he report of the correctional officer that he found in Ortiz's prison cell two sharpened metal cylinders and plastic handles that obviously could be assembled into stabbing devices, the photographs of those items, and Ortiz's admission the items were his, constitute 'some evidence' that he violated" prison regulations. Dkt. 17-5 at 2. The role of this Court is not to weigh evidence itself or examine the entire record; the role of the reviewing court is simply to determine whether there is "any evidence" that could support the disciplinary action. *Hill*, 472 U.S. at 455. Here that standard is met. The Court likewise dismisses Ortiz's suggestion that Judge Dembin's recommendation misapplied the Supreme Court's decision in *Wolff*. That case simply stands for the proposition that good time credits are a liberty interest and that their revocation must therefore be guided by the standards of due process. *See Wolff*, 418 U.S. at 558. As noted above, however, due process is satisfied if there is "some evidence" of Petitioner's wrongdoing, and the Court has already concluded that there was. *Hill*, 472 U.S. at 447. Accordingly, Judge Dembin did not err in recommending that Ortiz's Petition for Habeas Corpus be denied.

For the reasons above, Ortiz's objections are **OVERRULED** and Judge Dembin's R&R is **ADOPTED IN FULL**. Dkt. 19. Ortiz's request for an evidentiary hearing is **DENIED**. Ortiz's Petition for Writ of Habeas Corpus is **DENIED**. The clerk is directed to enter judgment in favor of Respondent and close the case.

**IT IS SO ORDERED**.

Dated: January 18, 2019

**H**ONORABLE **L**ARRY **A**LAN **B**URNS
United States District Judge